**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KHALED AL-HAJ,** | : | **CIVIL ACTION NO. 1:25-CV-2527** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN OF LSCI-ALLENWOOD,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241 by a federal prisoner in the custody of the United States Bureau of Prisons ("BOP"). Petitioner, Khaled Al Haj, argues that the United States Bureau of Prisons ("BOP") has improperly denied him time credits under the First Step Act ("FSA") that must be applied towards time in prerelease custody because he is subject to an immigration detainer imposed by United States Immigration and Customs Enforcement ("ICE"). The petition will be denied.

## I. Factual Background & Procedural History

This is the second case in which Al Haj has sought a writ of habeas corpus requiring the BOP to apply his FSA credits towards time in prerelease custody. The first case was filed on July 18, 2024, before United States District Judge Christopher C. Conner, and was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court. Al Haj v. LSCI-Allenwood Warden, No. 1:14-CV-1193, 2025 WL 1115751, at *1 (M.D. Pa. Apr. 15, 2025). After considering, and rejecting, respondent's arguments that the court

lacked subject matter jurisdiction and that Al Haj had failed to exhaust administrative remedies, the court considered Al Haj's claim on its merits and granted it. Id. The court found that the BOP had violated 28 U.S.C. § 3621(b) in its consideration of whether to transfer Al Haj to prerelease custody because it had implemented a categorical bar on inmates with immigration detainers being transferred to prerelease custody, which meant that it was not conducting an individualized assessment of the five factors it had to consider under Section 3621. Id. at *5. The court granted Al Haj's petition and required the BOP to conduct an individualized determination of whether he should be transferred to prerelease custody in accordance with Section 3621. Id. The court noted that this holding "shall not be construed as a holding that the BOP is barred from considering Al Haj's immigration detainer when it makes the individualized determination of whether he should be transferred to prerelease custody." Id. at *5 n.3. "The question whether the BOP may consider additional factors," the court explained, "is separate and unrelated to the question whether it can ignore altogether the very factors delineated by Congress in the governing statute itself." Id. (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 247 (3d Cir. 2005)).

After the court granted Al Haj's petition in the first case, the BOP conducted an individualized determination as required by the court's order and again denied his request for transfer to prerelease custody. Al Haj then filed a motion to compel compliance with the court's order by the BOP, arguing that the BOP failed to comply with the writ of habeas corpus because it continued to consider his

immigration detainer when it denied his request for transfer to prerelease custody. Al Haj, No. 1:24-CV-1193, Doc. 14. The court denied the motion on November 14, 2025, noting that its memorandum granting the petition had specifically stated that the BOP was not barred from considering the immigration detainer in its individualized determination; it simply could not treat the immigration detainer as a categorical bar on transfer to prerelease custody. Id., Doc. 18. The court then noted that, to the extent the motion asserted additional errors in the BOP's reassessment of Al Haj's request for transfer to prerelease custody, those errors could not be asserted in that case because "the sole issue raised in petitioner's habeas petition was whether the BOP could categorically exclude him from transfer to prerelease custody based on his immigration detainer," and "[a]ny new claims of error during the reassessment" thus "must be raised in a new case and cannot be grafted onto this case." Id.

As contemplated by the court's order denying the motion to compel compliance in the first case, Al Haj filed the instant case on December 29, 2025, to assert new challenges to the BOP's assessment of his request for transfer to prerelease custody. (Doc. 1). Al Haj argues that he is again being improperly denied transfer to prerelease custody simply because he has an immigration detainer. (Docs. 1–2).

Respondent responded to the petition on January 30, 2026, arguing that this court lacks jurisdiction over Al Haj's petition, that Al Haj failed to exhaust administrative remedies prior to filing the case, and that his claims fail on their

merits. (Doc. 8). Al Haj filed a reply brief in support of his petition on February 18, 2026, and an amended reply brief on February 24, 2026. (Docs. 9–10). The amended reply brief additionally seeks to strike respondent's response to the petition from the record of this case. (Doc. 10). Respondent then withdrew the jurisdictional argument on June 23, 2026, noting that because of a recent litigation position by the Solicitor General of the United States, its jurisdictional argument "no longer accurately reflects the Government's position." (Doc. 11).

## II. Discussion[1]

### A. Exhaustion

The court begins with respondent's exhaustion argument. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of

[1] The court does not consider respondent's jurisdictional argument because respondent has withdrawn that argument. (Doc. 11). To the extent that jurisdiction is at issue, the court finds that it has jurisdiction over Al Haj's petition for substantially the same reasons that it recognized that it had jurisdiction over Al Haj's previous habeas case. See Al Haj, 2025 WL 1115751, at *2–4.

nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433–34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Exhaustion in this case will be excused as futile. Al Haj asserts that the BOP's denial of his request to be transferred to prerelease custody is essentially a continuation of its prior policy deeming inmates with an immigration detainer categorically ineligible for placement in prerelease custody. As the court noted in its opinion in Al Haj's previous case, Exhaustion is properly excused as futile in such a situation. Al Haj, 2025 WL 1115751, at *4 (citing Woodall, 432 F.3d at 239 n.2).

**B. Merits**

Transfer of BOP prisoners to prerelease custody is governed by 18 U.S.C. § 3624 and 18 U.S.C. § 3621. Section 3624 states, in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion

> of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The decision whether to transfer an inmate to prerelease custody, however, is left to the discretion of the BOP. 18 U.S.C. § 3624(c)(4). When exercising this discretion, the BOP must conduct an individualized assessment of whether an inmate should be transferred to prerelease custody based on the following factors:

> **(1)** the resources of the facility contemplated;
> **(2)** the nature and circumstances of the offense;
> **(3)** the history and characteristics of the prisoner;
> **(4)** any statement by the court that imposed the sentence--
> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> **(B)** recommending a type of penal or correctional facility as appropriate; and
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Id. § 3621(b); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 247 (3d Cir. 2005).

In this case, the BOP conducted the assessment required by Section 3621(b) and determined that Al Haj should not be transferred to prerelease custody. (Doc. 8-6 at 4). The BOP considered the five factors required to be considered under Section 3621(b) and noted that Al Haj's immigration detainer was an additional factor weighing against placing him in prerelease custody. (Id.) Having reviewed this assessment, the court finds that the BOP has complied with Section 3621(b)

because it is clear that it has considered all five factors that must be considered. Al Haj's habeas claim will accordingly be denied.

This court's decision in Al Haj's previous habeas case, Al Haj, 2025 WL 1115751, at *5–6, does not compel a different result. In that case, the BOP categorically denied Al Haj's request for transfer to prerelease custody based on his immigration detainer, without considering the five factors enumerated in Section 3621(b). Id. at *5. The court held that this was improper under Section 3621(b) and Woodall, 432 F.3d at 244, because it amounted to a categorical bar rather than an individualized determination. Al Haj, 2025 WL 1115751, at *5. The court accordingly granted the habeas petition and required the BOP to conduct an individualized assessment that included consideration of the five factors enumerated in Section 3621(b). Id. In doing so, however, the court emphasized that its holding "shall not be construed as a holding that the BOP is barred from considering Al Haj's immigration detainer when it makes the individualized determination of whether he should be transferred to prerelease custody." Id. at *5 n.3. "The question whether the BOP may consider additional factors," the court explained, "is separate and unrelated to the question whether it can ignore altogether the very factors delineated by Congress in the governing statute itself." Id. (quoting Woodall, 432 F.3d at 247).

In the instant case, it is clear that the BOP considered the five factors enumerated in Section 3621(b) in denying Al Haj's claim seeking transfer to prerelease custody and only considered Al Haj's immigration detainer as an

additional factor in its analysis. (See (Doc. 8-6 at 4) (noting the nature of Al-Haj's criminal offenses and his disciplinary history along with consideration of other Section 3621 factors before additionally noting that BOP guidance suggests inmates with immigration detainers should not be placed in prerelease custody)). This case is therefore distinguishable from Al Haj's previous case because the immigration detainer was simply an additional factor considered in the BOP's Section 3621(b) rather than a controlling element that overrode the five-factor analysis.

Al Haj additionally argues that a statement from his unit manager in response to his request for administrative relief shows that the BOP actually treated his immigration detainer as a controlling factor and did not conduct the individualized assessment required by Section 3621(b). (Doc. 9 at 6–7). In the relevant statement, which Al Haj has attached to his habeas petition as Exhibit 1, the unit manager states, "per memo from CPD, inmates who are IHP Part with an active detainer will not be referred for RRC/HC placement." (Doc. 1-2 at 2). Although Al Haj is correct that this statement appears to treat an immigration detainer as a controlling factor, there is no indication in the record that the unit manager was personally involved in authoring Al Haj's individualized needs plan, where the BOP made its official decision to deny his request for placement in prerelease custody. (See Doc. 8-6 at 4). And as discussed above, the record shows that the BOP properly treated Al Haj's immigration detainer simply as another relevant factor in its analysis when writing the individualized needs plan rather than as a controlling factor. The statement from Al Haj's unit manager may have

been relevant to an analysis of whether Al Haj was required to exhaust administrative remedies, but it does not entitle him to relief on the merits. Thus, because the BOP has complied with Section 3621(b) in its individualized assessment of whether Al Haj should be transferred to prerelease custody, his habeas claim will be denied.[2]

## III. Conclusion

The habeas corpus petition is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: August 31, 2026

---

[2] The court will additionally deny Al Haj's motion to strike respondent's response to his petition. Al Haj seeks to strike the response because (a) it mistakenly identifies him as "Vargas," and (b) it repeats exhaustion and jurisdiction arguments that this court rejected in Al Haj's first habeas case. These arguments are meritless. The misidentification of Al Haj as "Vargas" appears to have been simply a typographical error arising from using a document from a different case as a template for respondent's brief. Although counsel should carefully proofread submissions in the future to avoid such an error, it is not grounds to strike respondent's response. And although this court's prior decision in Al Haj's other case is of course an extremely relevant persuasive authority for the court's decision, prior district court decisions—even when issued by the same judge—are not binding precedent for a district court. See Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Thus, respondent has not acted improperly by repeating arguments that the court rejected in Al Haj's first case.

Al Haj's motion also requests sanctions against respondent's counsel pursuant to Federal Rule of Civil Procedure 11. (Doc. 10 at 4). This motion is procedurally improper because it is made as part of another motion. See Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion."). Accordingly, the motion is denied to the extent it seeks sanctions.